# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:09-cr-078
                                    Also Case No. 3:16-cv-035

                                    District Judge Thomas M. Rose
  - vs -                           Magistrate Judge Michael R. Merz

LEON AARON MORRIS,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Morris's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 64). Morris pleads one ground for relief as follows:

> **Ground One:** Not a Career Offender
>
> **Supporting Facts:** May 28 , 2010 . I was sentenced as a career offender per the judge, Mr . Rose, at sentencing I argued that I was not a career offender, but Mr. Rose overruled me and did sentence me as one . Johnsons U.S. Supreme Court ruling made it clear that I was correct and should not have been sentenced as a career offender.
>
> Friday, January 8 , 2016 the U. S . Sentencing Commission changed the guidelines, eliminated the residual Clause, and eliminated burglary of a dwelling from the "Violent Felony" list for career offenders (See enclosed Famm, Famm, U.S.S.C Update , dated 1 - 9-2016) .

1

> This was my argument in District Court on May 28, 2010 at sentencing.

*Id.* at PageID 348.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Procedural History

Morris was indicted by the grand jury for this District on June 24, 2009, on two counts: possession with intent to distribute in excess of fifty grams of cocaine base and possession of a firearm in furtherance of a drug trafficking offense (Indictment, ECF No. 2). Count 1 carried a penalty of ten years (120 months) to life imprisonment and Count 2 a penalty of five years (60 months) to life imprisonment, with a requirement that the sentence be served consecutively to any other sentence in the case.

Pursuant to a Plea Agreement (ECF No. 9), Morris pleaded guilty to both counts, acknowledging in the Agreement that the mandatory minimum sentence was fifteen years. *Id.* at ¶ 1. The parties agreed on a base offense level of 30 which could be increased if Morris were

found to be a career offender. *Id.* at ¶ 2.  In ¶ 14 Morris gave up "any right to bring a post-conviction collateral attack on the conviction or sentence." *Id.* at PageID 24.

In the Presentence Investigation Report, the Probation Officer found Morris met the criteria for being classified as a career offender in that, as relevant here, "the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offenses. . ." PSI ¶ 53.  The Probation Officer calculated a guideline range of 322 to 387 months. *Id.* at ¶ 58.

Prior to sentencing, Morris filed a Sentencing Memorandum (ECF No. 13) in which he argued that he might not be a career offender because

> (1) the burglary described in ¶ 64 of the PSI "was not a crime of violence in that there was no actual entry into the residence, and there was no indication as to whether there was anyone present in the residence at the time;
>
> (2) "Paragraph 65 includes the taking of a vehicle after the owners exited the car to get something out of the trunk;" and
>
> (3) "Paragraph 66 is an unresolved case where the Defendant is still awaiting sentencing."

*Id.* at PageID 38.  Counsel argued that without the career offender finding the guideline range would be 121-151 months.  *Id.* .

On June 1, 2010, Judge Rose sentenced Morris to 108 months on Count 1 and one day on Count 2 (Minute entries ECF Nos. 20, 21; Judgment, ECF No. 22).  Judge Rose adopted the recommendations of the Probation Officer and found the guideline range to be 322 to 387 months, but departed downward based on the Government's motion (Statement of Reasons, ECF No. 23, PageID 58-59.)  Morris took no appeal and his conviction therefore became final July 1, 2010, the last day on which he could have appealed.

3

## ANALYSIS

Defendant is not entitled to relief under 28 U.S.C. § 2255 for a number of independent reasons.

First of all, under his Plea Agreement, Morris is barred from making a collateral attack on his conviction or sentence.  28 U.S.C. § 2255 provides a method of collateral attack substituting in federal cases for habeas corpus.  Therefore the § 2255 Motion should be dismissed with prejudice as barred by the Plea Agreement.

Second, although Morris claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that case does not entitle him to relief.  In *Johnson*, the Supreme Court found the so-called residual clause of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague.  The clause in question is the highlighted portion of 18 U.S.C. § 924(e)(2)(B)(ii) defines "violent felony" as including burglary, arson, or extortion, involves the use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.  The PSI found that Morris had been convicted of transporting or selling narcotics in 1986 (¶ 62), burglary in the second degree in 1989 (¶ 63), burglary in the first degree (¶ 64), robbery (¶ 65), and possession of narcotics with intent to sell in 2007 (¶ 66).  Thus none of the convictions counted toward career offender status was under the residual clause.  Rather, each of them was either (1) a serious drug offense as defined in § 924(e)(2)(A), an offense (robbery) involving an element of use of force against the person of another as defined in § 924(e)(2)(B)(i), or an offense enumerated in § 924(e)(2)(B)(ii).  Only three prior qualifying convictions are required and Morris had five.  Even though *Johnson* is to be applied retroactively (*In re: Windy Watkins*, ___ F.3d ___, 2015 U.S. App. LEXIS 21952 (6th Cir. 2015)), it does not apply to Morris's case.

4

To the extent Morris is claiming some improper sentencing under the Guidelines other than retroactive application of *Johnson*, is claim is barred by the one-year statute of limitations applicable to § 2255 Motions. His Motion was filed January 26, 2016, but the statute of limitations expired July 1, 2011, one year after the conviction became final.

To the extent Morris is claiming the Guidelines were misapplied in his case to find him to be a career offender, that claim is not available in a § 2255 proceeding. Collateral review under § 2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996). Morris never took an appeal from his conviction.

Morris also claims the benefit of a proposed amendment to the Guidelines which would change them to match the change made by the *Johnson* decision. He adverts to a report of the Families Against Mandatory Minimums ("FAMM") attached to his Motion. The Court assumes the accuracy of the report, but notes that Guideline amendments must be presented to Congress before they become effective and the Sentencing Commission specifically did not vote to make these changes retroactive (See PageID 356).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

Jasnuary 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).